IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARIA DEL RASARIO OROSCO #14231078** | § § § | |
| | § | CIVIL ACTION NO. 4:19cv362 |
| VS. | § § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Maria Del Rasario Orosco, an inmate in the custody of the Federal Bureau of Prisons, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. PROCEDURAL BACKGROUND**

On September 10, 2007, in the Eastern District of Texas, Sherman Division, Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury, in violation of 21 U.S.C. § 846. (Criminal Action No. 4:07-cr-42(6) at Dkt. # 870). On December 19, 2007, the district court sentenced Petitioner to 240 months' imprisonment. (Criminal Action No. 4:07-cr-42(6) at Dkt. # 1198). Petitioner did not file a direct appeal.

Petitioner executed an initial 28 U.S.C. § 2255 motion on September 6, 2012, alleging eligibility for relief based on newly-decided case law. (Civil Action No. 4:12-cv-585 at Dkt. # 1). The Court denied the motion as time-barred and dismissed the same with prejudice on September

18, 2013. (Civil Action No. 4:12-cv-585 at Dkts. ## 9, 12, 13). Petitioner filed a second § 2255 motion on September 26, 2016, claiming that she was entitled to a sentence reduction pursuant to the United States Sentencing Guidelines ("U.S.S.G.") Amendment 794. (Civil Action No. 4:16-cv-757 at Dkt. # 1). On March 29, 2018, the Court dismissed the motion without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255. (*Id.* at Dkts. ## 13, 15, 16).

Petitioner initiated the instant 28 U.S.C. § 2241 action on May 7, 2019. (Dkt. # 1). On February 19, 2020, Petitioner filed an amended § 2241 petition in which she asserts that she is eligible for relief pursuant to the holding in the United States Supreme Court case, *Burrage v. United States*, 571 U.S. 204 (2014). (Dkt. # 10).

## II. ANALYSIS

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, however, is not challenging the manner in which her sentence is being executed. Instead, she attacks the legality of her conviction and sentence in light of the *Burrage* decision. (Dkt. # 10). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence while § 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). As petitioner attacks the legality of her conviction and sentence, it would be appropriate to construe her petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Construed as a § 2255 motion, the petition is subject to certain AEDPA gatekeeping provisions. First, because Petitioner has already filed two unsuccessful § 2255 motions, she is not eligible to bring another motion to vacate absent permission from the Court of Appeals for the

Fifth Circuit, which she has not obtained. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (the district court lacks jurisdiction to consider a successive § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit). Accordingly, the petition is an unauthorized successive § 2255 motion.

Furthermore, petitioner would be time barred from bringing a successive § 2255 motion, which is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f).[1] To the extent Petitioner relies on *Burrage* to assert her petition is timely, her reliance is misplaced because a claim based on that ruling would itself be untimely. The alternative limitations provision identified in § 2255(f)(3) provides that the limitations period will run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The right asserted in the *Burrage* opinion was initially recognized by the Supreme Court on January 27, 2014, the day that the Supreme Court issued its decision. Yet Petitioner did not initiate this action until May 7, 2019, which was over five years after *Burrage* was decided. As such, Petitioner's assertion of a claim based on *Burrage* would be untimely pursuant to 28 U.S.C. § 2255(f)(3).

There is one exception, however, to the general rule that convictions or sentences must be challenged in a § 2255 motion. A federal prisoner may bring a petition under § 2241 to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the "savings clause" of § 2255. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003); *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001)). The statutory "savings clause" provides:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion,

---

[1] In contrast, § 2241 has no timeliness requirement.

>to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Petitioner cannot rely on § 2241 merely because she might now be limited in seeking relief under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, a petitioner must show that his or her claim (1) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904; *see also Christopher*, 342 F.3d at 382; *Jeffers*, 253 F.3d at 830. The first prong is generally considered the "actual innocence" requirement. *Reyes-Requena*, 243 F.3d at 904.

In *Burrage*, the Supreme Court considered a penalty enhancement provision of the Controlled Substances Act, under which offenders face a mandatory minimum sentence of twenty years "if death or serious bodily injury results from the use of such substance." 21 U.S.C. § 841(b)(1)(C). The Court held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 571 U.S. at 218-19. The Fifth Circuit then

4

joined with the Seventh and Eighth Circuits in holding that *Burrage* was retroactively applicable to cases on collateral review. *Santillana v. Upton*, 846 F.3d 779, 783-84 (5th Cir. 2017). "Accordingly, under *Santillana*, a petitioner can satisfy the savings clause based on *Burrage* if its holding establishes that he may have been convicted of a nonexistent offense." *Torres-Rodriguez v. Johnson*, No. 17-CV-1215, 2017 WL 9808666, at *2 (W.D. La. Dec. 29, 2017), *report and recommendation adopted*, No. 17-CV-1215, 2018 WL 3351124 (W.D. La. July 6, 2018) (citing *Santillana*, 846 F.3d at 784-85).

A review of Petitioner's underlying criminal case shows that her base offense level was established under U.S.S.G. §§ 2D1.1(a)(2) (Nov. 2006), reflecting that the distribution of heroin resulted in serious bodily injury. (Criminal Action No. 4:07-cr-42(6) at Dkt. # 1110, p. 7, ¶ 21). Additionally, pursuant to 21 U.S.C. § 841(b)(1)(B), the minimum statutory term of imprisonment was twenty years, and the maximum term was life, because the distribution of heroin resulted in serious bodily injury. (Criminal Action No. 4:07-cr-42(6) at Dkt. # 1110, p. 9, ¶ 40). The defendant in *Santillana*, however, had actually been convicted under § 841(b)(1)(C), leading the court to readily conclude that *Burrage* established that she might have been convicted of a nonexistent offense. *Santillana*, 846 F.3d at 781, 784-85. Petitioner, on the other hand, was convicted of conspiracy to distribute heroin under 21 U.S.C. § 846. Accordingly, the serious bodily injury factored into her case as a sentencing enhancement. "The Fifth Circuit remains unpersuaded 'that the savings clause permits sentencing challenges.'" *Torres-Rodriguez*, No. 17-CV-1215, 2017 WL 9808666, at *2 (quoting *Griffin v. Maiorana*, 647 F. App'x 430, 432 (5th Cir. 2016)); *see also In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("[A] claim of actual innocence of a [sentencing] enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."). Petitioner cannot satisfy the savings clause based

5

on *Burrage*, as that case does not establish that she might have been convicted of a nonexistent offense. Thus, she does not satisfy the requirements for advancing her claims in this Court under § 2241. A court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met. *See Christopher*, 342 F.3d at 379, 385.

In sum, the Court lacks jurisdiction to consider a successive § 2255 without express permission from the Fifth Circuit. It also lacks jurisdiction to consider Petitioner's § 2241 petition because Petitioner fails to meet the savings clause requirements.

### III. RECOMMENDATION

It is accordingly recommended that this case be **DISMISSED** without prejudice for lack of jurisdiction.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of April, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE